UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES of AMERICA,

                                                          Case No. 1:05-cr-10117-WGY

   v.

ORLANDO FRIAS-ORTEGA,
      Defendant.

MOTION FOR MITIGATION OF
<u>SENTENCE AND DOWNWARD DEPARTURES</u>

N O W  C O M E S defendant, Orlando Frias-Ortega, by his counsel, and respectfully moves the Court pursuant to the Fifth and Sixth Amendments to the US Constitution and the law discussed below for relief from US Probation's calculation of Mr. Frias' Guidelines sentence for illegal re-entry (8 USC §1326(b)2). In support of this motion, counsel refers to the statement of facts and exhibits set forth in defendant's November 28, 2005 sentencing memorandum.

      Defendant moves on the following grounds:

      1.      This Court now should consider all statutory factors before making a sentence that is "*sufficient but not greater than necessary*" to effect the purposes of the Sentencing Reform Act. The Supreme Court has held that the Guidelines are advisory only and not mandatory. *U.S. v. Booker,* 125 S.Ct. 738 (2005). Allowing mitigation of defendant's sentence would serve the purposes of the Sentencing Reform Act and 18 U.S.C. § 3661( "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and

1

consider for the purpose of imposing an appropriate sentence," cited in *Booker* 125 S.Ct. at 758).

    2.    Mr. Frias' illegal re-entry was motivated by his newborn son's ill health and the poverty of his dependent family. There are extra-ordinary family circumstances allowing a departure from defendant's Guidelines sentence. See, e.g., *U.S. v. Rivera*, 994 F.2d 942, 952-54 (1 Cir. 1993)(Breyer, J.) and its progeny.

    3.    Punishment for illegal reentry should be mitigated as a lesser harm owing to the vulnerability of Mr. Frias' family. See, *e.g., U.S. v. Barajas-Nunez*, 91 F.3d 826 (6 Cir. 1996) (not plain error to depart under lesser harms provisions of §5K2.11 where defendant had illegally reentered country after having been deported when he believed his girlfriend was in grave danger of physical harm and wanted to obtain surgery for her).

    4.    The Court should grant horizontal and vertical departures for overstatement of Criminal History Category. Mr. Frias moves for departure from category V to Criminal History Category III under USSG §4A1.3 on the ground that his category overstates the seriousness of prior offense conduct. The offense conduct was not serious enough to warrant the criminal history scored and cases were not appropriately consolidated in the state court for sentencing purposes. See, USSG §4A1.2 , note 3. The Court should grant a vertical downward departure because the severity of the 1994 deportation offense is overstated under USSG §2L1.2(b)(1)(A)-(B). No records are available for the weight of the drugs or other circumstances of the offense.

5.    Insufficient legally-relevant sentencing information exists to show that Mr. Frias' deportation offense was an aggravated felony (thus allowing a two instead of 20-year maximum penalty, see, 8 USC §1326(a)(2)).  *Shepard v. US*, 125 S.Ct. 1254 (2005).  Counsel raises this argument to preserve defendant's rights, if any, on direct appeal or collateral review should the Supreme Court reverse this Circuit's decision in *Ivery* last month.  See, *US v. Ivery*, No. 03-2496 (1 Cir. 10/20/2005) (upholding *Almendarez-Torres*).  Based on counsel's review of MGL c. 94C, §32 and 21 USC §841, the Massachusetts distribution crime may be committed by general intent; by contrast, conviction under the federal statute requires a jury to find that it was a defendant's "conscious object to transfer the controlled substance".   First Circuit Pattern Jury Instructions, Part 4D.  WHEREFORE, defendant prays for an order granting the relief requested.

Dated this 29th day of November, 2005 at Boston, Massachusetts.

Respectfully submitted:

/s./ *Kevin L. Barron*
Kevin Lawrence Barron 550712
Attorney for Orlando Frias Ortega
453 Washington Street 5B
Boston, MA 02111-1325
Tel. No. 617-482-6368
Fax: 617-517-7711
Email: k@lawyerbarron.com

ELECTRONIC FILING